08 CV 6303

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
                                                                     :
HARTFORD FIRE INSURANCE COMPANY a/s/o                                :
A&E Stores, Inc.,                                                    :  Case No.: ____ Civ. ____ (    )
                                                                     :
                            Plaintiff,                               :
                                                                     :  COMPLAINT
            -against-                                                :
                                                                     :  Jury Trial Demanded
CONSOLIDATED EDISON COMPANY OF NEW                                   :
YORK, INC.,                                                          :
                                                                     :
                            Defendant.                               :
                                                                     :
-------------------------------------------------------------------- x

Plaintiff, Hartford Fire Insurance Company, by its attorneys Robinson & Cole LLP, as and for its complaint against the defendant, alleges as follows:

**Background**

1.     This is a subrogation action by plaintiff Hartford Fire Insurance Company ("Hartford") the first party property insurer of A&E Stores, Inc. ("A&E").

2.     Hartford has paid to A&E a total of $473,925.15 in connection with a fire which occurred on October 14, 2005 at one of A&E's stores (the "Loss") located at the Empire State Building, which originated in electrical feeder lines owned and maintained by defendant Consolidated Edison Company of New York, Inc. ("Con Ed").

3.     This action is brought against Con Ed because the Loss was caused by Con Ed's negligence.

4.     In addition to the $473,925.15 paid by Hartford, A&E incurred a deductible of $50,000, and therefore the total amount sought in this action is the sum of the two, or $523,925.15.

## Jurisdiction and Venue

5. This Court has jurisdiction over this matter pursuant to 28 USC §1332 as the action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 USC §1391(a).

## The Parties

7. At all relevant times herein, Hartford was and still is a corporation organized under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

8. Hartford was the first party property insurer of A&E under policy no. GW 00400, which covered the period May 17, 2005 through May 17, 2006 (the "Policy").

9. Pursuant to the Policy and relevant law, Hartford, having paid amounts in connection with the Loss, is subrogated to all of A&E's rights and is entitled to pursue claims against parties which may have caused or been responsible for the Loss.

10. Upon information and belief, at all relevant times herein, defendant Con Ed was and still is a corporation duly organized and existing under the laws of the State of New York with its principal place of business in New York City.

11. The fire, which occurred on May 14, 2005 was caused by a malfunction in an electrical feeder cable owned and maintained by Con Ed.

12. The feeder cable traveled under the street/sidewalk in front of the West 34th Street side of the Empire State Building to an underground transformer, and the fire occurred in that section of the feeder cable upstream of the transformer (the Con Ed side) in the area which passed through the stockroom of A&E's store.

13. The fire, smoke and water from the fire suppression efforts damaged a substantial portion of A&E's inventory. In addition, the store was closed for approximately two months resulting in a business interruption loss.

14. Other items of loss, including necessary repairs and cleaning, brought the total damages to $523,925, after deduction of the salvage proceeds and inclusive of the insured's $50,000 deductible.

15. Upon information and belief, the day prior to the fire, Con Ed was notified by management of the Empire State Building of water intrusion in the electrical area and failed to take appropriate actions to prevent the fire.

### First Claim for Relief
### (Negligence)

16. Hartford repeats and realleges the allegations contained in paragraphs 1 through 15 as though fully set forth at length herein.

17. Con Ed owed a duty to plaintiff's subrogee, A&E, to insure that its electrical service in the Empire State Building, which passed through the A&E store, was properly maintained and would not cause a fire.

18. Upon information and belief, Con Ed breached its duty of reasonable care: (i) by failing to properly maintain its electrical feeder cable; (ii) by failing to take proper precautions to insure that no water intruded into Con Ed's electrical equipment; (iii) by failing to take adequate precautions after being notified of water intrusion to Con Ed's electrical system; and/or (iv) in such other ways as may be disclosed in discovery in this action.

19. Defendant's conduct was the direct proximate cause of the Loss.

20. To date, Hartford has been damaged in the amount of $523,925.15, inclusive of the insured's deductible.

WHEREFORE, plaintiff demands judgment as follows:

I. On the first claim for relief, the amount of $523,925.15 plus interest from October 14, 2005;

II. Cost and disbursements of this action; and

III. Such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
July 11, 2008

ROBINSON & COLE LLP

BY: *[signature]*
MICHAEL B. GOLDEN (MG-0633)
Attorneys for Plaintiff
885 Third Avenue
Suite 2800
New York, New York 10022
212-451-2900